# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFFORD E. PUGH, ) | |
| ) | |
| Plaintiff, ) | Case No.: 22-cv-1296 |
| ) | |
| v. ) | Complaint for Violation of Civil Rights and |
| ) | State Supplemental Claims |
| McLean County, McLean County Sheriff ) | |
| Jon Sandage, Cheryl D. Irwin, and ) | **JURY DEMANDED** |
| Sergeant Scott Kerr, Badge No. 11718, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff Clifford E. Pugh ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant Sergeant Scott Kerr, Badge No. 11718 ("Kerr") and Cheryl D. Irwin ("Irwin") (collectively "Defendants") were employed by McLean County, McLean County Sheriff Jon Sandage, and/or McLean County Sheriff's Office and acted under the color of state law and as the employee, agent, or representative of the McLean County, McLean County Sheriff Jon Sandage, and/or McLean County Sheriff's Office. Plaintiff is suing Defendants in their individual capacities.

5. At all times mentioned herein, Defendant Jon Sandage was the Sheriff of McLean County, Illinois, acting under the color of state law as the Sheriff of McLean County, Illinois. At all times material, McLean County maintained, managed, and/or operated the McLean County Sheriff's Department and the McLean County Jail. Plaintiff is suing McLean County Sheriff Jon Sandage in his official capacity.

6. At all times mentioned herein, McLean County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all times material, McLean County maintained, managed, and/or operated the McLean County Sheriff's Department and the McLean County Jail.

**FACTUAL ALLEGATIONS**

7. On or about May 13, 2022, at all times material, Plaintiff was in custody at the McLean County Jail.

8. On or about May 12, 2022, Plaintiff had a dental procedure at the jail which resulted in complications, leaving his mouth in pain, swollen, and difficult to open.

9. After the dental procedure, Plaintiff complained that his mouth was painful, swollen, and difficult to open.

10. On or about May 13, 2021, immediately prior to and while seeing Plaintiff, Defendant Irwin was agitated and in no condition to see any patients.

11. Defendant Irwin was informed and knew that Plaintiff's dental procedure had complications, that his mouth was in pain, swollen, and difficult to open.

12. Defendant Irwin cursed, threw papers around the nurse's station, and then yelled at a correctional officer to "get his fucking ass in here now," referring to Plaintiff.

13. Plaintiff was brought to the nurse's station and taken into an examination office where Defendant Irwin was waiting.

14. Defendant Kerr arrived at the nurse's station and sat at the desk directly in sight of Plaintiff and Defendant Irwin.

15. Defendant Kerr was informed and knew that Defendant Irwin was agitated, that Plaintiff's dental procedure had complications, that his mouth was in pain, swollen, and difficult to open.

16. Defendant Irwin gave Plaintiff a pill and a cup of water and commanded Plaintiff to swallow.

17. Plaintiff continuously told Defendant Irwin that he was unable to swallow.

18. Defendant Irwin told Plaintiff that she knew he was in pain but needed to "man up" and take the pill.

19. Upon attempting to take a sip of water, Plaintiff could not keep the water inside his mouth, which spilled on his clothes.

20. Upon noticing that the water spilled from Plaintiff's mouth, Irwin grabbed Plaintiff's face and forcefully pushed and shook his mouth and head, exacerbating the pain in his mouth.

21. Thereafter, Irwin forcefully wiped the spilled water off Plaintiff.

22. There was no just cause to use any force against Plaintiff.

23. Defendant Irwin told Plaintiff that he was being a "little shit."

24. Plaintiff then exited the examination room and asked Defendant Kerr whether he saw Defendant Irwin place her hands on his face and whether he was going to do anything about the incident.

25. Defendant Kerr allowed Defendant Irwin to attempt to administer a pill to Plaintiff again.

26. Defendant Kerr failed to intervene when Defendant Irwin used force against Plaintiff.

27. There was no just cause to fail to intervene before, during and/or after Defendant Irwin used force against Plaintiff.

28. Plaintiff in no way consented to the conduct mentioned above.

29. There was no legal cause to use the force against Plaintiff or to fail to intervene when force was being used against Plaintiff.

30. As a direct and proximate result of one or more of the actions mentioned above and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

31. The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and/or done with reckless indifference and callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

32. By reason of the actions and/or omissions mentioned above by Defendants, Plaintiff retained an attorney to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff's request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

33. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) hereat as though fully alleged at this place.

34. Defendants were responsible for using excessive force against Plaintiff as alleged above. They were responsible either in an individual or supervisory capacity for committing the wrongful acts and/or failure to act to prevent the wrongdoing to Plaintiff despite reasonable ability to avoid it.

35. By reason of Defendants' conduct, Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

36. The foregoing was unnecessary and unreasonable and therefore violated Plaintiff's Fourth Amendment Rights. Accordingly, Defendants are liable to Plaintiff under 42 U.S.C. §1983.

## COUNT II
## PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS, MCLEAN COUNTY SHERIFF, AND MCLEAN COUNTY FOR THE STATE LAW CLAIM OF BATTERY

37. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirty-two (32) hereat as though fully alleged at this place.

38. Defendant Irwin intentionally made harmful and/or offensive physical contact by grabbing Plaintiff's face and forcefully pushing and shaking his mouth and head, exacerbating the pain in his mouth.

39. Plaintiff did not consent to physical contact by Defendant Irwin.

40. The actions of Defendant Irwin caused Plaintiff to suffer damages, including but

not limited to humiliation, emotional distress, unwanted touching, and mental anguish.

41. McLean County Sheriff Jon Sandage and/or McLean County are liable pursuant to *respondeat superior*.

42. The physical contact made to Plaintiff was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

**WHEREFORE**, Plaintiff Clifford E. Pugh, by and through his attorneys, Ed Fox & Associates, request judgment as follows:

1. That individual Defendants be required to pay Plaintiff general damages, including emotional distress and pain and suffering, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to § 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That McLean County and McLean County Sheriff's Office be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

BY:  /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:  /s/Peter T. Sadelski
Peter T. Sadelski

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com