# STANDING ORDER (VERSION 4.0 EFFECTIVE APRIL 7, 2022) IN CIVIL CASES REFERRED TO OR PENDING BEFORE HON. JONATHAN E. HAWLEY, U.S. MAGISTRATE JUDGE

## Table of Contents

I.      Rule 16 scheduling conference ................................................................................ 2

II.     Discovery plan ........................................................................................................ 2

III.    Waiver of the Rule 16 scheduling conference ....................................................... 3

IV.     Failure of counsel to attend a scheduled telephone hearing .................................. 3

V.      Joint or agreed motions to move deadlines which do not affect the dispositive motion deadline ...................................................................................................... 3

VI.     Joint or agreed motions to move a deadline which will affect the dispositive motion deadline ...................................................................................................... 4

VII.    Discovery disputes ................................................................................................. 4

VIII.   Discovery disputes brought to the Court's attention after the discovery deadline has already passed .................................................................................. 5

IX.     Failure to respond to a motion ............................................................................... 5

X.      Emergency motions ................................................................................................ 6

XI.     Courtesy copies and attachments or exhibits ........................................................ 6

XII.    Filing documents under seal and protective orders ............................................... 6

XIII.   Role of the magistrate judge and consent authority .............................................. 7

XIV.    Settlement conferences and mediation .................................................................. 7

XV.     Settled cases ........................................................................................................... 8

XVI.    Pronouns and Honorifics ....................................................................................... 9

XVII.   Contacting chambers .............................................................................................. 9

## I. Rule 16 scheduling conference

The Court will set a Rule 16 scheduling conference approximately thirty days after the answer or other responsive pleading is filed. The conference will generally be conducted by telephone.

## II. Discovery plan

The discovery plan shall be filed with the Court at least three calendar days before the Rule 16 scheduling conference. Although the Court does not require that this plan be in any particular format, the sample plan set forth in "Attachment A" is sufficient.

The dispositive motion deadline should generally be no more than one year after the date of the Rule 16 scheduling conference. If the parties request a dispositive motion deadline that is more than one year after the date of the Rule 16 scheduling conference, then the parties shall set forth with specificity in the discovery plan the reasons for the extended schedule.

If the parties do not agree on one or more of the deadlines contained in the discovery plan, or any other provisions contained therein, a single plan should set forth each party's respective deadline(s) or provision(s) and their supporting arguments. In no case may the parties file separate plans.

The parties should not request dates for the final pretrial conference or trial in their plan; the Court will select these dates and provide them to the parties at the Rule 16 scheduling conference.

### III. Waiver of the Rule 16 scheduling conference

If the parties agree on all matters contained in the discovery plan, then the parties may waive the Rule 16 scheduling conference. To do so, the parties shall indicate in the discovery that the parties agree upon all maters contained within the discovery plan, and they request that the Rule 16 scheduling conference be cancelled.

Where the parties waive a Rule 16 scheduling conference, the Court will provide the parties with dates for the final pretrial conference, trial date, and any other deadlines or hearings not contained in the discovery plan in the text order adopting the parties' discovery plan.

### IV. Failure of counsel to attend a scheduled telephone hearing

For the convenience of counsel, the Court conducts most hearings by telephone when possible. Counsel's failure to appear for a telephone hearing will be treated as a failure of counsel to appear for an in-person hearing.

If counsel unexpectedly cannot attend a scheduled telephone hearing and cannot file a motion to move the hearing, then counsel may call Judge Hawley's chambers to inform him of same in advance of the hearing. The Court will attempt to reschedule the hearing in such a circumstance.

Failure to attend a telephone conference call without advance notice to the Court of unavailability may result in that counsel being required to appear in person for all future hearings, even if all other counsel appear by telephone.

### V. Joint or agreed motions to move deadlines which do not affect the dispositive motion deadline

Where the parties by agreement wish to move a deadline which does not affect the dispositive motion deadline, the parties shall do so by filing an agreed or joint motion which:

1. Sets forth the deadline the parties seek to move;
2. Sets forth the new deadline requested; and
3. States that the request to move the deadline does not affect the dispositive motion deadline.

The Court will ordinarily grant such motions by text order and without a hearing within approximately 24 hours of the filing of said motion.

## VI. Joint or agreed motions to move a deadline which will affect the dispositive motion deadline

Where the parties by agreement wish to move a deadline which will affect the dispositive motion deadline, the parties should do so by filing an agreed or joint motion which:

1. Sets forth the deadline the parties seek to move;
2. Sets forth the new deadline requested;
3. States that the request will affect the dispositive motion deadline;
4. States with specificity the discovery that has been completed prior to the filing of the motion;
5. States with specificity the discovery that needs to be completed; and
6. States why the parties were unable to meet the deadline originally set by the Court.

Parties may not both request to move a deadline which will affect the dispositive motion deadline and keep the same final pretrial conference and trial settings; if the Court moves the dispositive motion deadline, it must also move the final pretrial conference and trial setting.

## VII. Discovery disputes

Before filing a motion related to a discovery dispute, the parties shall follow the procedure set forth below:

1. Counsel for the parties shall confer pursuant to Fed. R. Civ. P. 37. Such conferral shall occur promptly after counsel becomes aware of the dispute. Failure to confer within a reasonable period of time after learning of the dispute may be deemed by the Court to constitute a waiver. The Court will not consider counsel to have conferred unless counsel have had at least one telephone call addressing the dispute, in addition to any written exchanges concerning the dispute.
2. If counsel cannot resolve the dispute through conferral, then counsel for the party first raising the dispute shall file a "Motion for Hearing Concerning Discovery Dispute." The motion must contain a certification by counsel that the parties have conferred as required by Fed. R. Civ. P. 37. The motion should not contain any argument or the nature of the discovery dispute. Any motion which does not certify that the parties have conferred prior to the

      filing of the motion will be stricken for failure to comply with this Standing Order.

3. When possible, the Court will resolve the dispute during the telephone call without written submissions by the parties.
4. If, after hearing the positions of the parties concerning the discovery dispute, the Court deems it necessary that a written motion and response be filed, the Court will give the parties permission to do so and set deadlines for said filings.
5. The Court will generally set written discovery motions for oral argument and rule from the bench after such argument. Where the Court deems a written order is necessary, the Court will generally issue such an order within two weeks of oral argument on the motion.

The Court will strike any discovery motion filed before the procedure outlined above has been followed.

### VIII. Discovery disputes brought to the Court's attention after the discovery deadline has already passed

The parties may not raise a discovery dispute with the Court after the relevant discovery deadline has passed; all discovery disputes must be brought to the Court's attention before the relevant discovery deadline passes. Any discovery disputes raised with the Court after the expiration of the relevant discovery deadline shall be deemed waived by the Court, even if the parties agreed to conduct discovery after the relevant discovery deadline has passed. If the parties agree to conduct discovery after the expiration of a deadline set by the Court, they must still file a motion requesting that the Court move that deadline as agreed by the parties in order to avoid any subsequent discovery disputes being deemed waived.

### IX. Failure to respond to a motion

Local Rule 7.1(B)(2) provides that a response to a motion must be filed within 14 days after service of the motion. The Rule also provides that if no response is timely filed, the Court "will presume there is no opposition to the motion and may rule without further notice to the parties."

The Court routinely grants motions pursuant to this Rule the day after the responsive deadline has passed. Motions to reconsider the grant of a motion to which no response was filed are disfavored by the Court.

### X.     Emergency motions

Where a party files an emergency motion or a motion which seeks a ruling on the same day as it is filed, counsel filing the motion shall send an email to hawley@ilcd.uscourts.gov and counsel for all parties in the case alerting same to the filing of said motion.

### XI.    Courtesy copies and attachments or exhibits

Local Rule 49.7 requires courtesy copies of attachments or exhibits longer than 30 pages. Judge Hawley does not require courtesy copies of any filing and relieves counsel of compliance with this Rule for cases pending before him.

Counsel should limit attachments and exhibits to matters directly relevant to the issue before the Court. Counsel shall not attach as exhibits documents already filed with the Court, such as the complaint, opposing counsel's motions, etc. Instead, counsel should simply refer to the docket number of the relevant filing and the CM/ECF page number.

For scanned documents, counsel should, whenever possible, perform an optical character recognition (OCR) on the document prior to its filing, thereby making the document searchable.

### XII.   Filing documents under seal and protective orders

Parties should be mindful that whether a document may be filed under seal must be balanced with the "[ ] common law right of public access to judicial records." *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989), citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). The Seventh Circuit has found that judicial records should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter International, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). The Seventh Circuit has noted that "[i]nformation that affects the disposition of litigation belongs in the public record *unless a statute or privilege justifies nondisclosure." USA v. Maurice Foster,* 564 F.3d 852 (7th Cir. 2009)(emphasis added), citing *Baxter International Inc.*, 297 F.3d at 545-46.

Accordingly, when seeking to file a document under seal, parties shall state with specificity the legal basis which allows the Court to seal the document. When possible, parties should seek to seal only those portions of a document which may properly be sealed by way of redaction.

The parties cannot agree in a protective order to file under seal documents which otherwise do not meet the legal standards for filing a document under seal. The Court will strike any provision in a proposed protective order which seeks to limit the Court's authority to determine whether a document should be filed under seal.

If good cause exists for entry of a protective order, the Court will generally enter an agreed protective order without a hearing so long as the agreed protective order does not conflict with the limitations on filing documents under seal. Where the parties do not agree on the provisions of a protective order but good cause exists generally for the entry of a protective order, the Court will enter its Model Protective Order (see Attachment B).

XIII. **Role of the magistrate judge and consent authority**

In cases referred to Judge Hawley, he will generally decide all non-dispositive issues until the dispositive motion deadline. Any dispositive motion, or motion which may have a dispositive effect on all or part of the case, will generally be un-referred and ruled upon by the presiding district judge without a Report and Recommendation. Accordingly, Judge Hawley will typically manage all non-dispositive aspects of a case until the dispositive motion deadline, at which time the district judge will generally take over all aspects of the case.

The parties can consent to a magistrate judge presiding over the entirety of the case. In order for the magistrate judge to preside by consent, all parties must consent thereto, and the form set forth in "Attachment C" must be executed and filed with the Court.

Counsel for all parties should confer with their clients and each other about consent to a magistrate judge prior to the Rule 16 scheduling conference, although the parties may consent at any time.

XIV. **Settlement conferences and mediation**

The parties are encouraged to seek a settlement conference or mediation with a magistrate judge. Where parties request a settlement conference or mediation in a case referred to Judge Hawley, Judge Hawley will conduct said conference or mediation. In cases where Judge Hawley presides by consent, a settlement conference or mediation will be assigned to another magistrate judge in the Central District of Illinois.

Unless ordered to participate in a settlement conference by the presiding judge, the Court will conduct a settlement conference or mediation only upon the agreement of all parties.

When the parties all agree that they would like a settlement conference or mediation with a magistrate judge, they should file a joint or agreed motion requesting a settlement conference. The Court will then set a telephone hearing to set a deadline for submission of confidential pre-settlement statements, if any, and to select a date for the settlement conference.

Settlement conferences begin at 10:00 am, and end by 1:00 pm. Each party must have someone present at the settlement conference with final settlement authority, unless the Court grants an exception prior to the settlement conference.

## XV. Settled cases

As an alternative to the procedure set forth in Local Rule 16.1(C), the parties can file a Notice of Settlement and request a deadline for the filing of a stipulation of dismissal. Upon the filing of such Notice, the Court will vacate all scheduled hearings, stay any deadlines, and moot any pending motions.

The parties should not file the settlement agreement with the Court nor seek "approval" of the settlement from the Court, unless the nature of the action is one that specifically requires approval by the Court. Likewise, the Court cannot retain jurisdiction to enforce a settlement agreement unless the case is dismissed without prejudice. The court cannot and will not retain jurisdiction to enforce a settlement agreement in cases dismissed with prejudice unless the parties seek a consent decree in compliance with Fed R. Civ. P. 65(d).

Prior to filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i), a joint stipulation to dismiss pursuant to Rule 41(a)(1)(A)(ii), or a motion to dismiss pursuant to Rule 41(a)(2) which seeks to dismiss only some of the parties or some claims, counsel should review *Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015). In *Taylor*, the Seventh Circuit held that "Rule 41(a) should be limited to dismissal of an entire action." *Id*. at 857 (emphasizing Rule 41(a)'s reference to "an action"). The Seventh Circuit suggests construing a motion to voluntarily dismiss one claim as a motion to amend the complaint under Rule 15(a)(2). Id. at 858. Leave to amend under Rule 15(a)(2) will be "freely give[n] . . . when justice so requires."

### XVI. Pronouns and Honorifics

Litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by emailing a confidential notification to chambers at hawley@ilcd.uscourts.gov, filing a request on the case docket, or adding the information in the name block or signature line of the pleadings.

### XVII. Contacting chambers

It is never appropriate to email chambers or Judge Hawley without prior permission of the Court or as set forth in this Standing Order. With the exception of emailing a confidential pre-settlement statement to the Court as part of a settlement conference set before Judge Hawley, any email communication between Judge Hawley's chambers and an attorney must have all parties in the case as recipients.

Counsel should ordinarily not telephone chambers for any reason. Should an extraordinary circumstance require a telephone call to chambers, counsel for all parties should be on the telephone call to chambers when the call is placed. *Ex parte* telephone calls to chambers on case-related matters should never occur except for extraordinary circumstances and it is impossible or impracticable to have all counsel for all parties on the call. In instances where counsel or their agents call chambers *ex parte* absent an extraordinary circumstance, chambers staff have been instructed to inform the person calling that case related matters may not be discussed *ex parte* by telephone. Anything that counsel or their agents should not say *ex parte* directly to the judge cannot be said to his chambers staff.

In the extraordinary circumstance where it is necessary to communicate with chambers by telephone, those calling chambers should conduct themselves in the same manner as if they were speaking directly to the judge.

*It is so ordered.*

Entered on April 7, 2022

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

ATTACHMENT A

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
_____ DIVISION

_____,
    Plaintiff(s),

v.

Case No. _____

_____,
    Defendant(s).

**Discovery Plan**

Counsel for Plaintiff(s), _____, and counsel for Defendant(s), _____, having met on _____ for the purpose of formulating a proposed discovery schedule for consideration by the Court, hereby submit the following agreed deadlines for the Court's consideration:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1):
2. Amendment of the pleadings:
3. Joining additional parties:
4. Close of fact discovery:
5. Disclosure of Plaintiff's experts:
6. Disclosure of Plaintiff's expert reports:
7. Plaintiff's experts deposed by:
8. Disclosure of Defendant's experts:
9. Disclosure of Defendant's expert reports:
10. Defendant's experts deposed by:
11. Completion of all discovery:
12. Dispositive motions:

_____, Plaintiff      _____, Defendant
BY: _____      BY: _____
Attorney's Name, Firm, etc.      Attorney's Name, Firm, etc.

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
[STATE DIVISION HERE]

| | |
|---|---|
| [NAME],<br>    Plaintiff,<br><br>v.<br><br>[NAME],<br>    Defendants. | Case No. [CASE NUMBER] |

**Protective Order**

A party having moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the entry of such order to the extent that the dissemination of documents produced in discovery governed by the Federal Rules of Civil Procedure shall be limited as set forth, *infra*. Good cause is established due to the fact that the discovery in the case is likely to involve information not otherwise publicly available absent this litigation, personal financial and medical information, and other information treated as non-public, private information by a party or producing non-party. This Order is intended to protect the privacy interests of parties and non-parties, facilitate the quick and efficient production of discovery, and allow for the dissemination of information for purposes unrelated to this litigation when there is a demonstrated need.

1. **Scope.**

   **(a)** This Order applies to all discovery produced by a party to another party pursuant to the Federal Rules of Civil Procedure. This Order also applies to discovery produced to a party by a non-party pursuant to a subpoena issued pursuant to Federal Rule of Civil Procedure 45.

**(b)** This Order does not apply to discovery produced by a party or non-party pursuant to a request made under a state or federal freedom of information law.

**(c)** This Order does not apply to transcripts of deposition testimony, unless a party moves after conferral with opposing counsel, that this Order apply to said deposition transcript or a portion thereof.

**2.  Limitation on disclosure.**

**(a)** Discovery within the scope of this Order as set forth in Section 1 shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)** Discovery subject to this Order may be disclosed to the following persons in the course of this litigation:

> **(i) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;
>
> **(ii) Parties.** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;
>
> **(iii) This Court and any other Court before which this litigation is or may be pending and those courts' personnel**.
>
> **(iv) Court Reporters and Recorders used in this litigation.**
>
> **(v) Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;
>
> **(vi) Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the

preparation and trial of this action;

**(vii) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

**(viii) Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(ix) Others by Consent.** Other persons only by written consent of the producing party.

**(c)** Prior to a person disclosing discovery subject to this Order to a person listed in Section (b)(ii) (v), (vi), (viii), and (ix), the person making the disclosure must inform the person to whom the discovery is produced that disclosure to and by them is subject to this Order.

**(d)** Prior to producing specific discovery, a party may seek to further limit disclosure of that discovery than allowed in Section 1(b)(2) by agreement of the parties or further order of the Court. A party may, after conferral with opposing counsel, file a motion seeking additional limitations on disclosure, which shall set forth with specificity the discovery, or categories of discovery, for which additional protection is sought and why.

3.   **Filing of discovery subject to this Order and use in Court proceedings**

**(a)** This Order does not authorize the filing of any document under seal. A party who wishes to file a document under seal must do so in accordance with Local Rule 5.10 and establish a legal basis for why such document may and should be sealed under applicable law.

**(b)** This Order does not prohibit or limit the use or disclosure of any discovery during the course of any public court proceedings in this litigation, including hearings and trial.

4.   **Relief from this Order**

3

**(a)** A party may disclose discovery subject to this Order by agreement of the parties or further order of the Court.

**(b)** A party seeking to disclose discovery subject to this Order may, after conferral with opposing counsel, file a motion with the Court seeking relief from this Order. Such motion shall indicate with specificity the discovery, or categories of discovery, which the party seeks to disclose; to whom; and the reason for the requested disclosure, unless such information would reveal attorney-client communications or attorney work product.

5. **Conferral**

Prior to filing any motion related to this Order, the parties must confer and so certify in any motion related to this Order. A motion which fails to include such certification shall be stricken. Conferral must include at least one telephone or in-person meeting between or among counsel, unless the issue is resolved by the parties through written conferral.

6. **Violation of this Order**

Any person subject to this Order who intentionally violates the limitations on the disclosure of discovery set forth herein shall be subject to this Court's contempt powers, in addition to any other sanctions allowed under the Federal Rules of Civil Procedure.

*It is so ordered.*

Entered: [DATE OF ORDER'S ENTRY]

<u>s/Jonathan E. Hawley</u>
U.S. Magistrate Judge



**Shig Yasunaga**
**CLERK OF COURT**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**OFFICE OF THE CLERK**

# NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, you are hereby notified that, upon the consent of all the parties in a civil case, the Court may appoint a United States Magistrate Judge of this District, who is specially certified to conduct any or all proceedings, including trial of and the entry of a final judgment. A copy of the appropriate consent form is attached.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary and should be communicated to the Clerk of the Court. Only if all the parties to the case consent to the reference to a Magistrate Judge will either the District Judge or Magistrate Judge to whom the case has been assigned be informed of your decision. Neither a District Judge nor a Magistrate Judge will attempt to persuade or induce any party to consent to the reference of this case to a Magistrate Judge.

If all parties consent, the form is to be e-signed (s/NAME) by all and e-filed with the Court pursuant to guidance in the Court's Local Rules 11.4(A) or (B). A certificate of service is not required to be filed with this document.

**NOTE: The Court has approved s/NAME as an official signature on the Consent Form. Copies of the form and the Court's Local Rules are available at www.ilcd.uscourts.gov.**

| Peoria Division | Urbana Division | Springfield Division | Rock Island Division |
|---|---|---|---|
| 100 N.E. Monroe St. | 201 S. Vine St. | 600 E. Monroe St. | 211 19th St. |
| Room 309 | Room 218 | Room 151 | Room 40 |
| Peoria, IL 61602 | Urbana, IL 61802 | Springfield, IL 62701 | Rock Island, IL 61201 |
| 309.671.7117 | 217.373.5830 | 217.492.4020 | 309.793.5778 |

AO 85 (Rev. 07/11 Court)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

TO E-FILE THE CONSENT TO MAGISTRATE JUDGE FORM:

1. Scan and save the form in pdf format.

2. Log on to CM/ECF.

3. Click on Civil on the top left hand corner of the blue toolbar.

4. Click on Other Filings/Other Documents.

5. Choose "Proposed Consent to Jurisdiction by Magistrate Judge" from drop down box. Click next.

6. Enter case number. Click next.

7. Browse for the saved form. Click next.

8. Case confirmation screen appears. Click next.

9. Docket text appears. Click next.

10. NEF appears. Consent has been filed.

11. Place the original document in your file. (Pursuant to Local Rule 11.4(B)(3) - "The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.")

RULE 11.4    ELECTRONIC SIGNATURES

(A)    Signatures by Electronic Filers.

(1)    Use of a log-in and password for electronic filing constitutes and has the same force and effect as the filer's signature for purposes of Fed. R. Civ. P. 11, the Local Rules of this Court, and any other purpose for which a signature may be required in connection with proceedings in this Court.

(2)    Electronic filers should sign in the following manner: "s/ Jane Doe." Documents signed by an attorney must be filed using that attorney's log-in and password; they may not be filed using a log-in and password belonging to another attorney.

(3)    Where multiple attorney signatures are required, such as on a joint motion or a stipulation, the filing attorney may enter the "s/" of the other attorneys to reflect their agreement with the contents of the documents.

(B)    Signatures by Non-Electronic Filers.

(1)    If an original document requires the signatures[s] of one or more persons not registered for electronic filing (e.g. settlement agreement with a pro se party, or a witness' affidavit), the filing party or its attorney must initially confirm that the content of the document is acceptable to all persons required to sign the documents. Original signatures of all non-electronic filers must be obtained before the document is filed.

(2)    The filing party must either redact the original signature[s] and efile the redacted version of the document, or provide the redacted version to the Clerk's Office for scanning and electronic filing. The filed document must indicate the identity of each non-registered signatory in the form "s/Jane Doe". A certificate of Service upon all parties and/or counsel of record must be filed with the document.

(3)    The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.

(4)    The electronically filed document as it is maintained on the court's servers constitutes the official version of that record. The court will not maintain a paper copy of the original document except as otherwise provided in these Rules.

(C)    Disputes Over Authenticity.

Any party or non-filing signatory who disputes the authenticity of an electronically filed document or the signatures on that document must file an objection to the document within 14 days of receiving the notice that the document has been filed.